**[J-5-2020] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

IN RE: J.W.B. AND R.D.B., MINORS     :    No. 93 MAP 2019
: 
:    Appeal from the Order of the
APPEAL OF: L.B., FATHER             :    Superior Court dated July 12, 2019
:    at No. 215 MDA 2019, affirming the
:    Decree dated January 4, 2019 by
:    the Lycoming County Court of
:    Common Pleas, Orphans' Court
:    Division, at No. 6608.
: 
:    ARGUED:  March 10, 2020
: 

## CONCURRING OPINION

**JUSTICE TODD**                                        **DECIDED:  June 16, 2020**

I respectfully concur only in the result.  Appellant L.B ("Father") argues that 23 Pa.C.S. § 2711(c) requires that his consent for adoption, given outside of the Commonwealth, must be given in accordance with the laws of Colorado to be effective.[1] According to Father, the consent that he signed was invalid under Colorado law, as certain aspects of Colorado's consent requirements, such as pre-relinquishment counseling, were not satisfied.  *See* C.R.S. § 19-5-103.  Thus, he maintains that his consent is void *ab initio*.

As noted by the majority, however, the Colorado statute relied upon by Father, as a matter of fact and law, is inapplicable to these circumstances.  *See* Majority Opinion at 20 n.7.  Specifically, C.R.S. § 19-5-103 sets forth Colorado's relinquishment provisions.

---

[1] Section 2711(c) provides, in relevant part, that "[a]ny consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed."  23 Pa.C.S. § 2711(c).

For these provisions to apply, however, the case must involve a "child in Colorado or for whom Colorado is the home state":

> The provisions of this section, including but not limited to relinquishment counseling, notification, and the relinquishment hearing, shall apply in any case involving a child in Colorado or for whom Colorado is the home state as described in section 14-13-102(7), C.R.S., including any case in which it is proposed that the child to be relinquished will be relinquished or adopted outside the state of Colorado.

C.R.S. § 19-5-103(12). The term "[h]ome state" is defined as the state in which the child has lived for a certain period immediately prior to the commencement of the child-custody proceedings:

> "Home state" means the state in which a child lived with a parent or a person acting as a parent for at least one hundred eighty-two consecutive days immediately before the commencement of a child-custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

C.R.S. § 14-13-102(7)(a).

It is clear on this record that the minor children are not located in Colorado and that their home state is not Colorado within the meaning of C.R.S. § 19-5-103(12). Indeed, the children have at all relevant times resided in Pennsylvania. Based upon the unambiguous requirements of this provision, the Colorado relinquishment provisions are plainly inapplicable to this matter. Accordingly, in my view, only Pennsylvania law is applicable, and, for the reasons acknowledged by the majority in footnote 7, Father's consent is valid under Pennsylvania law. *See* Majority Opinion at 21. Thus, I would affirm the Superior Court's decree on this basis.